**FLASTER/GREENBERG**
ATTORNEYS AT LAW • A PROFESSIONAL CORPORATION

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**KENNETH GOODKIND, ESQUIRE**
Member of the NJ, NY & PA Bar
Direct Dial: (856) 661-2273
E-Mail: ken.goodkind@flastergreenberg.com
PLEASE RESPOND TO CHERRY HILL

June 14, 2013

**_VIA ECF_**
Hon. Jerome B. Simandle, U.S.D.J.
U.S. Courthouse
I John F. Gerry Plaza
Camden, NJ  08103

Re:   ***Giles, et al. v. Phelan Hallinan & Schmieg, LLP, et al.***
***No. 1:11-CV-06239 (JBS-KMW)***
***Objection to Giles' adjournment request***

Dear Judge Simandle:

On behalf of the Phelan Parties, I write to respectfully object to today's request from the Giles, through one of their counsel, Lisa Rodriguez, Esq., for a two-week extension to file opposition to the Sanctions Motion (the "Motion").  As an initial matter, it is necessary for me to note that Ms. Rodriguez has represented that I have not been responsive to her request, which came via a phone message left at 2:28 p.m. today.  I was another call at the time and had to leave no later than 3 p.m. for a very important doctor's appointment from which I just returned.  I had to finish another matter and listen to other phone messages before I heard her message (which she did not mark for urgent delivery) minutes before I had to leave.  While stopped at a light on the way to the doctor's office, I saw she had already written to the Court.

Further, Ms. Rodriguez had written me late Wednesday indicating that she was preparing to file opposition, making short shrift of the merits of the Motion, and never mentioning or suggesting a need for an adjournment.  My practice (with rare exceptions) is to consent to reasonable adjournment requests, but I have a problem seeing this request in that light, and believe it to be made for purposes of delay.  That is because:

1. Of Ms. Rodriguez's letter of two days ago:
2. The Motion was served some 6 weeks ago, and was analyzed by the Giles' counsel then, since attorney Harwood wrote to ask me to withdraw the Motion.  If the three firms representing the Giles waited until now to resume work on their opposition, that is not adequate reason for a lat-minute adjournment request.
 3. The filing deadlines were set in the June 4, 2013 Order, but the request is made on the eve of the deadline.  I am under the impression that the Court wants to be able to close the case promptly.  As this is the last item to adjudicate, I do not think the Court would want to have it dragged out.

3285844 v1

Hon. Jerome B. Simandle, U.S.D.J.
June 14, 2012
Page 2

4. If the deadline is extended two weeks, that results in a filing date of July 2, 2013. I have a heavy calendar in July, especially the first half, and I intend to take time off for the holiday week as well. I am prepared to have a reply ready on June 25, 2013 to opposition filed June 18, 2013, as the Court ordered, but if I have to reply based on a July 2, 2013 filing, I cannot commit to being able to preparing the reply until late July. Again, my impression is that the Court would not want to wait that long for the Motion to go *sub judice*, but I cannot let my clients and I be squeezed or otherwise disadvantaged because the Giles' three law firms have belatedly requested an extension.

  I defer to the Court's exercise of its discretion, and I trust the Court will understand why I am compelled to object. I thank the Court for its attention to and consideration of this matter.

        Respectfully,

        FLASTER/GREENBERG P.C.

        Kenneth Goodkind

KSG/nlw
cc: All counsel via ECF

3285844 v1