## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES J. and DIANE GILES, Individually and on behalf of all others similarly situated, | : : : | |
| | : | Civil Action |
| Plaintiffs, | : | No. 11-6239 (JBS-KMW) |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., PHELAN HALLINAN & SCHMIEG, P.C., LAWRENCE T. PHELAN, FRANCIS S. HALLINAN, DANIEL S. SCHMIEG,  ROSEMARIE DIAMOND, FULL SPECTRUM SERVICES, INC., and LAND TITLE SERVICES OF NEW JERSEY, INC., | : : : : : : : : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## THE PHELAN DEFENDANTS' MOTION FOR SANCTIONS

Dated:  July 2, 2013

NARKIN LLC
John G. Narkin
1662 South Loggers Pond Place, #31
Boise, Idaho 83706
Tel: (208) 995-6119

HARWOOD FEFFER LLP
Robert I. Harwood
James G. Flynn
488 Madison Avenue, 8th Floor
New York, New York 10022
Tel: (212) 935-7400

TRUJILLO RODRIGUEZ
 & RICHARDS LLC
Lisa J. Rodriguez
258 Kings Highway
East Haddonfield, New Jersey 08033
Tel: (856) 795-9002

*Attorneys for Plaintiffs and*
 *the Proposed Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................. iii

PRELIMINARY STATEMENT ............................................................1

    A.    The Ocean County Transcript ...............................................2

    B.    The Ocean County Order ......................................................3

    C.    Briefing on the Motion to Dismiss the TAC .......................3

    D.    The May 14, 2013 Oral Argument .......................................5

    E.    The Court's June 2013 Opinion ...........................................7

    F.    The Phelan Defendants Ignored Plaintiffs' Attempt to
        Obviate the Need for a Sanctions Motion .............................7

SUMMARY OF ARGUMENT ...............................................................8

ARGUMENT .........................................................................................9

I.    NO SANCTIONS SHOULD BE AWARDED AGAINST
    PLAINTIFFS OR THEIR COUNSEL ........................................9

    A.    The Phelan Defendants Are Not Entitled
        To Sanctions Under Rule 11 .................................................9

        1.    *The Claims Preclusion Defenses* ...........................12

        2.    *Pre-Litigation Diligence* ........................................14

        3.    *Damages* .................................................................15

        4.    *Pre-TAC Filings* .....................................................16

B.     The Phelan Defendants Are Not Entitled To
       Sanctions Under 28 U.S.C. § 1927 ....................................................17

C.     The Phelan Defendants Are Not Entitled To
       Sanctions Under the Court's Inherent Powers ...................................21

II.    THE COURT SHOULD CONSIDER IMPOSITION OF
       SANCTIONS AGAINST THE PHELAN DEFENDANTS .......................23

CONCLUSION ..................................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Ario v. Underwriting Members of Syn. 53 at Lloyds*,
618 F.3d 277 (3d Cir. 2010) ...................................................................10, 11

*Associated Indem. Corp. v. Fairchild Indus., Inc.*,
961 F.2d 32 (2d Cir. 1992) ......................................................................23

*Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*,
38 F.3d 1303 (3d Cir. 1994) ....................................................................12

*Carlino v. Gloucester City High Sch.*,
44 Fed. Appx. 599 (3d Cir. 2002).............................................................15

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)...................................................................21, 22, 23

*Doering v. Union County Bd. of Chosen Freeholders*,
857 F.2d 191 (3d Cir. 1988) ...................................................................10, 11

*EEOC v. United States Steel Corp.*,
877 F. Supp. 2d 278 (W.D. Pa. 2012) ........................................................19

*Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*,
998 F. Supp. 447 (D.N.J. 1998)................................................................13

*Ford Motor Co. v. Summit Motor Prod., Inc.*,
930 F.2d 277 (3d Cir. 1991) ....................................................................11

*Falah v. Statt Corp.*,
Civ. No. 08-1269,
2008 U.S. Dist. LEXIS 104738 (D.N.J. Dec. 16, 2008) ........................11, 16

*Ferguson v. Valero Energy Corp.*,
454 Fed. App. 109 (3d Cir. 2011)..............................................................21

iii

*Fox v. Acadia State Bank*,
    937 F.2d 1566 (11th Cir. 1991) ...................................................................11

*Gaiardo v. Ethyl Corp.*,
    835 F.2d 479 (3d Cir. 1987) .......................................................................10

*Giles v. Phelan, Hallinan & Schmieg, L.L.P.*,
    No. 11-6239, 2013 U.S. Dist. LEXIS 78161
    (D.N.J. June 4, 2013) ("*Giles II*")...........................................................15, 17

*Giles v. Phelan, Hallinan & Schmieg L.L.P.*,
    901 F. Supp. 2d 509 (D.N.J. 2012)("*Giles I*").........................................12, 13

*Grider v. Keystone Health Plan Cent., Inc.*,
    580 F.3d 119 (3d Cir. 2009) .................................................................12, 18

*Hackman v. Valley Fair*,
    932 F.2d 239 (3d Cir. 1991) .......................................................................18

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Actions*,
    278 F.3d 175 (3d Cir. 2002). .................................................17, 19, 21, 22, 24

*LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC XXIII*,
    287 F.3d 279 (3d Cir. 2002) ................................................................... 17-18

*Levey v. Brownstone Inv. Group, LLC*,
    C.A. No. 11-395,
    2012 U.S. Dist. LEXIS 178477 (D.N.J. Dec. 18, 2012) ...............................16

*Lewis v. Smith*,
    480 Fed. Appx. 696 (3d Cir. 2012)..............................................................19

*Mary Ann Pensiero, Inc. v. Lingle*,
    847 F.2d 90 (3d Cir. 1988) .........................................................................11

*Morristown Daily Record, Inc. v. Graphic Commc'n Union, Local 8N*,
    832 F.2d 31 (3d Cir. 1987) ....................................................................10, 24

*Patelco Credit Union v. Sahni*,
    262 F.3d 897 (9th Cir. 2001) ..........................................................................24

*Rodick v. City of Schenectady*,
    1 F.3d 1341 (2d Cir. 1993) ...........................................................................12

*Robinson v. City of San Bernardino Police Dep't*,
    992 F. Supp. 1198 (C.D. Cal. 1998).............................................................24

*Simmerman v. Corino*,
    27 F.3d 58 (3d Cir. 1994) .............................................................................10

*Thompson v. United Transportation Union*,
    167 F. Supp. 2d 1254 (D. Kan. 2001) ..........................................................23

*United States v. Johnson*,
    2013 U.S. Dist. LEXIS 57664 (D.N.J. Apr. 22, 2013)..................................13

*United States v. Jones*,
    505 Fed. Appx. 192 (3d Cir. 2012)...............................................................22

*Vict. Ins. Co. v. Li He Ren*,
    Civ. A. No. 08-517,
    2008 U.S. Dist. LEXIS 93798 (E.D. Pa. Nov. 10, 2008).............................20

## Statutes & Regulations

28 U.S.C. § 1927 ............................................................................*passim*

Fed. R. Civ. P. 11. .........................................................................*passim*

Fed. R. Civ. P. 11
    Notes of Advisory Committee on 1993 amendments. ..................................24

## PRELIMINARY STATEMENT

The Phelan Defendants seek sanctions against Plaintiffs and their counsel for prosecuting a substantively important, but ultimately unsuccessful, action. Plaintiffs Charles and Diane Giles (the Giles") brought a federal RICO action against the Phelan Defendants and Wells Fargo Bank, N.A.[1] for alleged improprieties in connection with the foreclosure of their home in Barnegat, New Jersey. The Court dismissed the Third Amended Complaint ("TAC") in an opinion dated June 4, 2013. *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, No. 11-6239, 2013 U.S. Dist. LEXIS 78161, at *2 (D.N.J. June 4, 2013) ("*Giles II*").

The primary basis of the Phelan Defendants' motion to dismiss the TAC – an argument invoking numerous principles of claim preclusion – was explicitly rejected by the Court in *Giles II.* Central to that argument was the purportedly dispositive effect of rulings on January 18, 2008 by the Superior Court of New Jersey, Chancery Division, Ocean County (the "Ocean County Court") upon motions in the foreclosure proceedings against the Giles. Those rulings are reflected in two documents: (1) an unofficial "transcript" of a hearing held on January 18, 2008, three days after the Giles' home was sold to private buyers (the

---

[1]    Co-defendant Wells Fargo has not joined the Phelan Defendants in the present motion.

"Ocean County Transcript" or "Ocean Co. Tr.");[2] and (2) a handwritten order dated January 18, 2008 memorializing the court's oral rulings (the "Ocean County Order" or "Ocean Co. Ord.").[3]

## A.    The Ocean County Transcript

The Ocean County Transcript demonstrates that the Ocean County Court held that "any other claim" (not merely a cause of action under the Fair Debt Collection Practices Act ("FDCPA") survived the state court foreclosure action against the Giles and, in any event, the Ocean County Court was not the proper forum in which those claims could have been asserted:

> ***As to any other claim*** that you may have regarding – what you may have, it wouldn't necessarily be in the foreclosure proceedings anyway. ***It would have been bifurcated and moved*** either to the Chancery Part or for money damages to the Civil Part. (Ocean Co. Tr. at 5-6; emphasis added.)

The Ocean County Transcript also demonstrates unambiguously that the Ocean County Court held that any future claim by the Giles "would not be barred by the entire controversy doctrine":

> So the motion to amend is granted insofar as it's the name of the proper assignee.  The motion to do a voluntary dismissal is granted as well.  And in the event the defendant has a legal right which is now

---

[2]     A copy of Ocean County Transcript is annexed to the accompanying Certification of James G. Flynn (the "Flynn Certification") at Exhibit A.

[3]     A copy of Ocean County Order is annexed to the Flynn Certification as Exhibit B.

currently available to him, ***it would not be barred by the entire controversy doctrine.***  But of course if the statute of limitations or anything else is run, that would be a legal defense available to whoever the new defendant may be.  (Ocean Co. Tr. at 6; emphasis added.)

**B.**    **The Ocean County Order**

The Ocean County Order was prepared by counsel after the January 18, 2008 hearing based on the Ocean County Court's rulings, and contains four handwritten elements:

--    [The Foreclosing] Plaintiff's Motion to Rescind Document Assignment and to Amend All Pleadings is Granted;

--    [The Foreclosing] Defendants' Motion to Dismiss is Denied and Defendant's Motion to Stay January 22, 2008 Sheriff's Sale is Denied as Moot;

--    [The Foreclosing] *Defendants' Rights As to All Affirmative Claims are Hereby Preserved*; and

--    [The Foreclosing] Plaintiff's Foreclosure Action Is Hereby Voluntarily Dismissed.

**C.**    **Briefing on the Motion to Dismiss the TAC**

In briefing their motion to dismiss the TAC, the Phelan Defendants erroneously described to the Court the terms of the Ocean County Order by (1) substituting the words "Federal Debt Collection Practices Act" for "All

3

Affirmative Claims";[4] and (2) snipping out entirely from their reply brief any reference to the critically important third provision of the Ocean County Order. *See* Phelan Reply Br. at 3, Docket 85 Page ID 1919.

For reasons known only to themselves, the Phelan Defendants did not introduce the Ocean County Transcript as an exhibit in this case until it was first mentioned by their counsel at oral argument on May 14, 2013, during which the Court asked counsel for an opportunity to review it independently. (May 14, 213 Tr. at 52).[5]

It appears from the "date" identified on the transcript that, sometime on or about December 20, 2012, the very date that Plaintiffs filed the TAC, the Phelan Defendants requested and received a "transcript" of the January 18, 2008 Ocean County hearing. From its unusual format, it appears that the transcript may have been created almost four years after the hearing itself. The Phelan Defendants filed their motion to dismiss on January 17, 2013, four weeks after the transcript was prepared, and without mentioning any transcribed record of any

---

[4]    *See* Phelan Opening Br. at 12, Docket 78-1 Page ID 1718.

[5]    A copy of May 14, 2013 Transcript of the oral argument before this Court is annexed to the Flynn Certification as Exhibit C.

4

"Colloquy/Decision" by the Ocean County Court on January 18, 2008. (Docket Item 78.)

**D.      The May 14, 2013 Oral Argument**

The Phelan Defendants did not introduce the Ocean County Transcript as an exhibit to any of their previous court filings.  Nor did the they disclose it before March 8, 2013, when briefing on the motion to dismiss the TAC had concluded, or before filing their motion for sanctions on May 14, 2013, literally minutes before oral argument on the then-pending Rule 12(b)(6) motions.

During oral argument on May 14, 2013, the Phelan Defendants identified their "principal" argument as claim preclusion based on Plaintiffs' purported disregard of the Ocean County Order which, they claimed, was dispositive of the Giles' claims in this litigation.  (May 14, 2013 Tr. at 7.)   Before finally providing the transcript to the Court and counsel for Plaintiffs, the Phelan Defendants had the temerity to represent to this Court that the transcript *supported* their assertion that the only claim preserved by the Giles was a cause of action under the FDCPA. Counsel for the Phelan Defendants told this Court:

> All of that ended up in a hearing on January 18, 2008 before Judge Buczynski.  He denied the Giles' motion.  He granted the Phelan motion.   Therefore, he decided that the naming of the trustee originally as Wachovia was simply a mistake.  He allowed the papers to be corrected.  He denied the Giles' motion.  He denied dismissal. *The only thing that he preserved, which is in a way a matter of law,*

5

> *there's a little dispute over it, is whether the Giles retained any*
> *affirmative claims.*
>
> The only affirmative claim brought up by the Giles at that hearing into their papers was an FDCPA claim.  The judge opined that he understood entire controversy concerns.  The fact that they had disclosed the name of this claim, an FDCPA claim, preserved it, although it would not be heard in the foreclosure procedure.  *The order is written a little more broadly, although the order – it may not make a difference, but, of course, an order has to follow an opinion, but the order itself says, you know, all affirmative claims.*  Now, as a matter of law under the entire controversy doctrine, although there's a notice issue, whether you have affirmative claims and you can retain them without mentioning them is a question.

*Id.* at 8-9 (emphasis added.)

Counsel for the Phelan Defendants also represented to the Court that, despite

the explict language attributed to the state court judge in the Ocean County

Transcript, any future affirmative claims asserted by the Giles *were* nevertheless

barred by the entire controversy doctrine:

> MR.  GOODKIND:  Well, let me say the judge also said subject to all defenses.  So it wasn't a clean slate that something could start over again.  *They're still bound by any doctrine of claims preclusion, res judicata, collateral estoppel or whatever it is, you know, subject to whatever defenses there are, if you miss the statutes of limitations, whatever.*
>
> *I think it's really just another way of stating the entire controversy rule as it applies in foreclosure cases that the Court normally will not adjudicate nongermane claims.*  But that doesn't mean you can't bring them up, and we cited cases and rules on that.  You can bring them up in the foreclosure.  Once in a while the foreclosure judge will hear them; more often they go out.

(May 14, 2013 Tr. at 10)(emphasis added).

**E.**     <u>The Court's June 2013 Opinion</u>

On June 4, 2013, the Court issued an opinion dismissing the TAC, emphasizing the fact that "[t]his case presents several novel issues in this Circuit…." *Giles II,* 2013 U.S. Dist. LEXIS 78161, at *2.  The Court agreed with Plaintiffs' analysis of three issues raised in defendants' motions to dismiss: (1) the statute of limitations had not expired; (2) New Jersey's litigation privilege does not apply to federal RICO actions; and (3) the claim preclusion defenses improvidently raised by the Phelan Defendants (entire controversy doctrine, collateral estoppel, and *res judicata*) did not bar Plaintiffs' claims. Although the Court did dismiss the TAC, it did so on the clearly delineated basis of (a) the *Noerr-Pennington* Doctrine and (b) lack of proximate cause for a RICO claim.

**F.**     **The Phelan Defendants Ignored Plaintiffs' Attempt to Obviate the Need for a Sanctions Motion**

Now that all substantive issues in this action have been determined, the Court and Plaintiffs' counsel are unnecessarily required to devote additional time and resources to a motion for sanctions entirely devoid of merit.  Both before oral argument and *after* this Court's June 4, 2013 decision in *Giles II*, Plaintiffs' counsel appealed to counsel for the Phelan Defendants in a sincere effort to dissuade his client from pursuing the instant motion for sanctions.  Significantly,

both letters in a straightforward and respectful way addressed the claim preclusion defenses that the Phelan Defendants stated were their "principal" basis for dismissal of the TAC.  *See* Letter from Robert I. Harwood, Esq. to Kenneth Goodkind, Esq., dated April 23, 2013 and Letter from Lisa J. Rodriguez, Esq. to Kenneth Goodkind, Esq., dated June 12, 2013.[6]  Plaintiffs' counsel explained how these defenses were unsupported by the record, which was made abundantly clear after the Court rejected those very same defenses.

## SUMMARY OF ARGUMENT

*First*, the Phelan Defendants seek sanctions under Fed. R. Civ. P. 11.  As demonstrated below, however, Rule 11 was not intended as "automatic" or "routine" fee-shifting device, and movants fail to establish how they are entitled to sanctions when their own "principal" argument of claim preclusion was not only rejected by this Court, but contradicted by the very state court order upon which they purported relied.  Because their request for sanctions represents a sharp departure from Rule 11 practice, and because they have not remotely demonstrated how Plaintiffs' pleadings were filed without a good faith basis in law and fact, the Phelan Defendants' motion must be denied.  (*See* Point I-A, below.)

---

[6]      A copy of April 23, 2013 Letter is annexed to the Flynn Certification as Exhibit D; a copy of the June 12, 2013 Letter is annexed to the Flynn Certification as Exhibit E.

*Second*, the Phelan Defendants seek sanctions under 28 U.S.C. § 1927, even though they have failed to plead or otherwise satisfy their "heavy burden" of demonstrating "willful bad faith."  (*See* Point I-B, below.)

*Third*, the Phelan Defendants invoke this Court's inherent powers to sanction attorney conduct.  Aside from the fact that the only complained-of conduct would be ordinarily covered by Rule 11 or 28 U.S.C. § 1927, the movants again fail to demonstrate any bad faith or egregious conduct required for such an extreme sanction.  (*See* Point I-C, below.)

*Finally*, in light of the Phelan Defendants' persistence in asserting a claims-preclusion defense based on the Ocean County Order, notwithstanding its clear and unambiguous language, as well as their inaccurate characterizations of proceedings before the Ocean County Court, the Phelan Defendants themselves are subject to sanctions.  (*See* Point II, below.)

## ARGUMENT

### I.   NO SANCTIONS SHOULD BE AWARDED AGAINST PLAINTIFFS OR THEIR COUNSEL

#### A.   The Phelan Defendants Are Not Entitled To Sanctions Under Rule 11

Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading.

Fed. R. Civ. P. 11(b)(2) & (c).  A district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (vacating sanctions against attorney).  Sanctions are to be applied "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous."  *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)).

"Rule 11's primary purpose is not wholesale fee shifting but [rather] correction of litigation abuse."  *Ario v. Underwriting Members of Syn. 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010)(internal quotation marks omitted)(quoting *Doering*, 857 F.2d at 194); *Gaiardo*, 835 F.2d at 483 ("Rule 11 sanctions should not be viewed as a general fee shifting device.").  Imposition of Rule 11 sanctions is neither automatic nor routine.  *Ario*, 618 F.3d at 297 ("It 'must *not be used as an automatic penalty* against an attorney or party advocating the losing side of a dispute. . . .'")(citation omitted) (emphasis added); *Morristown Daily Record, Inc. v. Graphic Commc'n Union*, *Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is *not to be used routinely* when the parties disagree about the correct resolution of a matter in litigation.") (emphasis added).

Instead, Rule 11 sanctions are reserved for exceptional circumstances where a claim or motion is patently unmeritorious and frivolous. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991); *Doering*, 857 F.2d at 194. Judgment alone is not sufficient to support Rule 11 sanctions. *Falah v. Statt Corp.*, Civ. No. 08-1269, 2008 U.S. Dist. LEXIS 104738, at *4 (D.N.J. Dec. 16, 2008) (Simandle, J.) ("judgment may usually be entered upon the merits and the losing party is not guilty of sanctionable conduct."). As the Third Circuit has noted: "Restated, Rule 11 sanctions awarding counsel fees do not automatically or usually follow an adverse judgment or ruling. Substanitally more is required." *Gaiardo*, 835 F.3d at 483.

"Rule 11 was not intended to chill innovative theories and vigorous advocacy . . . ." *Carney-Dunphy  v. Title Co.*, Civ. No. 07-3972, 2009 U.S. Dist. LEXIS 55418, at *31 (D.N.J. June 30, 2009) (Simandle, J.) (quoting *Fox v. Acadia State Bank*, 937 F.2d 1566, 1569 (11th Cir. 1991)). Thus, a court considering sanctions under Rule 11 must be cautious not discourage responsible but creative advocacy. *Ario*, 618 F.3d at 297 (Rule 11 "'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.'"), citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988). Accordingly, "under Rule 11, close calls should be resolved in favor of the

non-movant . . . ."  *Carney-Dunphy,* 2009 U.S. Dist. LEXIS 55418, at *31, citing

*Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993)(even "weak"

cases may not be "frivolous or completely unreasonable").

Imposition of sanctions for a Rule 11 violation is discretionary rather than

mandatory.  *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28

(3d Cir. 2009) (citation omitted).  Even in exceptional circumstances, the court

may, but is not required to impose sanctions.  *Bensalem Twp. v. Int'l Surplus Lines

Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994).  Finally, sanctions imposed under

Rule 11 must be limited to what suffices to deter repetition of the conduct or

comparable conduct by others similarly situated.  Fed. R. Civ. P. 11(c)(4).

As set forth below, none of the proposed bases provide cause for sanctions:

*1.    The Claims Preclusion Defenses*.  At oral argument on their motion to

dismiss the TAC, the Phelan Defendants told the Court that the "principal" basis

for their motion was that the Plaintiffs supposedly disregarded the Ocean County

Order and, as such, were barred from bringing this lawsuit under the claim

preclusion doctrines of the Entire Controversy Doctrine, res judicata, collateral

estoppel and the *Rooker-Feldman* Doctrine.  Each of these arguments was rejected

by this Court in *Giles v. Phelan, Hallinan & Schmieg L.L.P.* ("*Giles I*"), 901 F.

Supp. 2d 509 (D.N.J. 2012) and/or *Giles II*, at **16-17.

The Phelan Defendants never attempt to justify their resuscitation of their *Rooker-Feldman* defense – revived for the first time on reply and after this Court had rejected this same argument. *Giles I*, 901 F. Supp. 2d 520-22. "It is axiomatic that Reply Briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *United States v. Johnson*, 2013 U.S. Dist. LEXIS 57664, at *12 (D.N.J. Apr. 22, 2013) (Simandle, J.) (quoting *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998)).

Perhaps worse, in arguing that the Ocean County Order precluded any action other than a claim under the FDCPA, the Phelan Defendants themselves disregarded the express terms of the Order pursuant to which the Giles' rights as to *"all affirmative claims"* were explicitly preserved. *See* Ocean County Order.

That is not all. The Phelan Defendants possessed the Ocean County Transcript *before* they filed their motion to dismiss the TAC on January 17, 2013. That transcript demonstrates that the Ocean County Court preserved "any other claim" (not just an FDCPA claim) that could be asserted by the Giles in subsequent litigation. The Ocean County Court also made it clear that it was not the proper forum for such an adjudication. Finally, the Ocean County Court made it clear, in

unmistakable language, that that any future claim asserted by the Giles "would not be barred by the entire controversy doctrine."  (Ocean Co. Tr. at 6.)

Having full knowledge of the damaging contents of the Ocean County Transcript, the Phelan Defendants kept that knowledge to themselves while, at the same time, making factually unsupportable arguments to the Court that were contradicted by the transcript.  Only at oral argument did the Phelan Defendants finally offer up the existence of the transcript, whose terms they mischaracterized in an effort to obscure the baselessness of their arguments.  Curiously, counsel for the Phelan Defendants did not himself volunteer to produce a copy of the transcript until the Court specifically asked for it.  *See* above, citing Tr. at 54.

Thus, while the Phelan Defendants are not entitled to sanctions against Plaintiffs' counsel, their own motion here warrants sanction by the Court.  (*See* Point II, below.)

2.    *Pre-Litigation Diligence*.    The Phelan Defendants also accuse Plaintiffs of failing to conduct pre-litigation research into the requirements that the Phelan Defendants faced in filing a foreclosure action in New Jersey.   As demonstrated above, and as the Court recognized in *Giles II*, *all* of the Giles' affirmative claims were preserved by the Ocean County Order, and the Giles were entitled to bring an action accordingly.

14

In contrast, it was the Phelan Defendants who systematically filed numerous actions on behalf of the *wrong party*, which is reflected in the improper filing of mortgage foreclosure complaints against Plaintiffs and others in the name of an entity lacking legal standing.   Indeed, the very purpose of the New Jersey judiciary's recent remedial action was to ensure that the foreclosing entity is identified accurately, after an appropriate factual investigation is undertaken.  The Phelan Defendants' lack of "diligence" resulted in the wrongful filing of lawsuits that invoked the legal rights of an entity that had no connection whatsoever to the assembly-line generated lawsuits they were bringing against the Giles and members of the proposed Class they sought to represent.  Given their own "unclean hands" on the subject, the Phelan Defendants can hardly take issue with Plaintiffs' very extensive pre-filing investigation.[7]

3.    *Damages*.    The Phelan Defendants also claim, in a stark single sentence, that sanctions were warranted because: "The Giles have no damages." (Br. at 5.)  In fact, the Court dismissed the TAC on two different bases: (a) the *Noerr-Pennington* Doctrine, *Giles II*, 2013 U.S. Dist. LEXIS 78161, at **17-25;

---

[7]       In *Carlino v. Gloucester City High Sch.*, 44 Fed. Appx. 599 (3d Cir. 2002), unlike here, the pleadings contained three claims that were "statutorily barred."  *Id.* at 601.  The court, *sua sponte*, imposed sanctions for failure to conduct any legal research for "patently frivolous claims."  *Id.*  Here, even though the Court dismissed the claims, Plaintiffs provided substantial legal support for each of their claims.

and (b) lack of proximate cause under RICO.  *Id*., at *26-36.  Plaintiffs argued, based on precedent in other courts,[8] that the type of damages they alleged were recoverable in a RICO action. The Court disagreed and explained its reasoning. However, a losing argument is not a proper basis for sanctions.  *Carney-Dunphy*, 2009 U.S. Dist. LEXIS 55418, at *8.  Plaintiffs had a good faith basis in law and fact for presenting their arguments to the Court.  Dismissal on this basis is not the type of litigation conduct intended by Rule 11.  *Falah*, 2008 U.S. Dist. LEXIS 104738, at *4.  *See also Gaiardo*, 835 F.2d at 483.

 *4.* <u>*Pre-TAC Filings*</u>.  Finally, the Phelan Defendants complain of other filings that took place before the filing of the TAC.  Simply stated, those filings were rendered moot, and the Phelan Defendants' complaints about them were swept away entirely as a result of superseded pleadings.  *See Levey v. Brownstone Inv. Group, LLC*, C.A. No. 11-395, 2012 U.S. Dist. LEXIS 178477, at *8 (D.N.J. Dec. 18, 2012) (prior "dismissal [of earlier pleading] renders the instant request for a sanctioned dismissal moot.").  Moreover, the Phelan Motion is itself entitled as seeking sanctions arising out of the "Third Amended Complaint."

---

 [8] *See, e.g., Beals v. Bank of Am. N.A.*, No. 10-5427 (KSH), 2011 U.S. Dist. LEXIS 128376, at *44 (D.N.J. Nov. 4, 2011) (recognizing homeowners' "damages in having to defend against [a] foreclosure and in losing other options to avoid foreclosure").

**B.     The Phelan Defendants Are Not Entitled To**
**        Sanctions Under 28 U.S.C. § 1927          **

Section 1927 of Title 28 provides:

> Any attorney or other person admitted to conduct cases in any court of
> the United States . . . who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

28 U.S.C. § 1927.

To impose sanctions pursuant to § 1927, a court must find that an attorney

has: (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3)

thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by

intentional conduct. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Actions*, 278

F.3d 175, 188 (3d Cir. 2002). Although a court has broad discretion in managing

litigation before it, the principal purpose of imposing sanctions under 28 U.S.C.

§ 1927 is the deterrence of intentional and unnecessary delay in the proceedings.

*Id.* (citation and internal quotation marks omitted).

The Third Circuit has cautioned that the power to impose sanctions under

Section 1927 carries the potential for abuse, and therefore the statute should be

construed narrowly and with great caution so as not to stifle the enthusiasm or chill

the creativity that is the very lifeblood of the law. *LaSalle Nat'l Bank v. First Conn.*

17

*Holding Grp. LLC XXIII*, 287 F.3d 279, 289 (3d Cir. 2002)(citations and internal quotation marks omitted). [9]

Courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice. *Id.* at 288 (citation and internal quotation marks omitted). In other words, sanctions may not be imposed under Section 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal. *Id.* at 289; *see Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991)(for attorney's conduct to warrant sanctions under § 1927, such conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation); *Grider*, 580 F.3d at 142, 147 (vacating two sanctions orders by court below).

Accordingly, a prerequisite to imposing sanctions under § 1927 is a finding of willful bad faith on the part of the offending attorney. *Id.* Indications of bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive . . . was for an improper purpose such as harassment. *Id.* (citation and internal quotation marks omitted). Bad faith,

---

[9]    In *LaSalle*, the Third Circuit vacated an order of sanctions under Section 1927 for lack of an evidentiary basis for its finding of bad faith. 289 F.3d at 292.

however, should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf. *Lewis v. Smith*, 480 Fed. Appx. 696, 699 (3d Cir. 2012). Indeed, "bad faith conduct must be demonstrated through clear and convincing evidence." *EEOC v. United States Steel Corp.,* 877 F. Supp. 2d 278, 292 (W.D. Pa. 2012)(citations omitted).

Under these well-established standards, no sanctions are appropriate here under Section 1927. Indeed, the Phelan Defendants have failed to acknowledge, much less address its high burden of showing wilful bad faith by counsel in the prosecution of this action on behalf of Plaintiffs. *Lewis*, 480 Fed. Appx. at 699; *EEOC*, 877 F. Supp. 2d at 292.

None of the cases cited by the Phelan Defendants provides any basis for Section 1927 sanctions here. The conduct sanctioned in *Prudential* under Section 1927 provides a study in contrast to the case at bar. In *Prudential*, one attorney needlessly and vexatiously "multiplied the proceedings at nearly every turn." 278 F.3d at 190. His conduct included: (1) making a "baseless recusal motion [that] required responses by" counsel and the court, *id.*; (2) filing an "emergency motion to vacate the appointment of a settlement fee examiner, "an appointment that he originally approved," and which required counsel to respond and the court to address in a 13-page opinion, *id.*; (3) engaging in discovery misconduct pursuant to

19

which the attorney refused to review over 1,000,000 pages of available documents, *id.* at 186, but demanded instead a "key word" search – again needlessly requiring judicial intervention, *id.* at 190; (4) filing an emergency motion to demand that opposing counsel "fax charts summarizing the evidence to be used at the fairness hearing" – again requiring a response by counsel and a written opinion denying the motion, *id.*; (5) filing two identical sanctions motions – again, necessitating response by counsel and intervention by the magistrate, *id.*; and (6) filing an affidavit containing erroneous allegations which had to be specifically addressed by two separate New Jersey state officials. *Id.*

Here, in contrast, the sole litigation activity of Plaintiffs' counsel was the filing of an initial complaint,[10] followed by successively shorter amended complaints, and the Court's adjudication of two rounds of Rule 12(b)(6) motions.. Plaintiffs filed no motions; the only "emergency" motion in the litigation was filed by the Phelan Defendants themselves.   No discovery has taken place in this litigation.  Only counsel to parties were involved in the proceedings.  Rather than "multiply" proceedings, Plaintiffs narrowed their pleadings, each time in

---

[10]      Section 1927 applies only to the "multiplication" of proceedings, not to an initial filing. *Vict. Ins. Co. v. Li He Ren*, Civ. A. No. 08-517, 2008 U.S. Dist. LEXIS 93798, at *5 (E.D. Pa. Nov. 10, 2008) ("As an initial matter, we are unconvinced that sanctions are available under § 1927 for bad faith commencement of an action.)

accordance with what they understood to be the instructions of the Court.  Although the Court ultimately disagreed with Plaintiffs, this in itself is no basis for action under Section 1927.

Plaintiffs' counsel prosecuted this action vigorously and within well-recognized standards of litigation.  There is no basis here for Section 1927 sanctions.

### C. The Phelan Defendants Are Not Entitled To Sanctions Under the Court's Inherent Powers

"Federal courts possess the inherent power to 'assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ferguson v. Valero Energy Corp.*, 454 Fed. App. 109, 112 (3d Cir. 2011)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  This power also extends to the regulation of attorneys as well.  *Prudential*, 278 F.3d at 189.  Although a court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court, *Prudential*, 278 F.3d at 189, "the court *ordinarily* should rely on the Rules rather than the inherent power.  *Chambers*, 501 U.S. at 50 (emphasis added).

The Supreme Court has also warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  The Third Circuit has clarified that "a court's inherent power should

only be exercised when conduct is egregious, and then concluded that the district court had abused its discretion." *United States v. Jones*, 505 Fed. Appx. 192, 194 (3d Cir. 2012)(citations omitted).  A finding of bad faith is usually required before sanctions under the court's inherent powers are ordered, and generally a court should not resort to such sanctions unless "the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *Prudential*, 278 F.3d at 181 & n.4, 189 (citation omitted).

As a threshold issue, all of the conduct complained of by the Phelan Defendants can be addressed within the confines of Fed. R. Civ. P. 11 or 28 U.S.C. § 1927.  For this reason, the exercise of this Court's inherent power in this motion is not necessary.  *Chambers*, 501 U.S. at 50.

Further, the Phelan Defendants have failed to acknowledge or even address the burden of establishing bad faith or egregious conduct under the Court's inherent power.  Nowhere do they demonstrate that counsel for Plaintiffs have acted in bad faith, vexatiously, wantonly, or for any oppressive reason.  *Prudential,* 278 F.3d at 189, quoting *Chambers*, 501 U.S. at 45-46.

The authority cited by the Phelan Defendants in support of their invocation of this Court's inherent authority is readily distinguishable.  In *Chambers*, unlike here, the conduct of the attorney *outside* the courtroom dramatically affected the events

22

*inside* the courtroom. The attorney in *Chambers*, in addition to filing false and frivolous claims, attempted to deprive the district court of jurisdiction by extra-judicial activities and engaged in "tactics of delay, oppression, harassment and massive expense to reduce plaintiff to exhausted compliance." *Id.* at 41. The Phelan Defendants' motion, in contrast, is silent on any extra-judicial or extortionary tactics. Simply put, this is not a case for the exercise of the Court's inherent sanctioning power.

## II.   THE COURT SHOULD CONSIDER IMPOSITION OF SANCTIONS AGAINST THE PHELAN DEFENDANTS

As the Federal Court of Appeals for the Second Circuit aptly warned, "defendants who live in glass pleadings ought not to throw Rule 11 stones." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 36 (2d Cir. 1992). The court in *Thompson v. United Transportation Union*, 167 F. Supp. 2d 1254 (D. Kan. 2001), echoed similar sentiments: "Suffice it to say that defendant and its counsel would be better served by reexamining their own litigation tactics rather than condemning plaintiff's counsel for her litigation tactics." *Id.* at 1260.

Plaintiffs are loathe to continue the path of satellite litigation initiated by the Phelan Defendants. However, Fed. R. Civ. P. 11(c)(1)(A) permits the court, "[i]f warranted," to "award to the party prevailing on the motion the reasonable expenses and attorneys' fees incurred in presenting or opposing the motion." An attorney

may be sanctioned for filing a frivolous sanction motion.  *Robinson v. City of San Bernardino Police Dep't*, 992 F. Supp. 1198, 1208 (C.D. Cal. 1998).   As the Advisory Committee on the 1993 amendments to Fed. R. Civ. P. 11 noted:

> As under former Rule 11, *the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.* However, *service of a cross motion under Rule 11 should rarely be needed* since under the revision the court may award to the person who prevails on a motion under Rule 11 – whether the movant or the target of the motion – reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.  (Emphasis added).

As the Third Circuit cautioned in *Morristown Daily Record*, "[b]ecause the issues in this case are close, *we consider the company's invocation of Rule 11 to border on the abusive.*  We caution litigants that Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation. Rule 11 is instead reserved for only exceptional circumstances."   832 F.2d at 32 n.1 (emphasis added).  *Cf. Prudential*, 278 F.3d at 190 (affirming sanctions under 28 U.S.C. § 1927 against attorney who himself filed two identical sanctions motions).

Further, no cross motion for sanctions is required under Rule 11.  *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001); Fed. R. Civ. P. 11 Notes of Advisory Committee on 1993 amendments.

The Phelan Defendants' motion for sanctions and other abusive litigation practices are described in detail above, and there is no purpose served by belaboring

their pattern of misconduct here. The actions of the Phelan Defendants speak for themselves. The Court may address those actions, if at all, in whatever fashion it deems appropriate.

## CONCLUSION

For the reasons identified above, Plaintiffs respectfully request this Court to deny the Phelan Defendants' motion to sanctions.

Dated:    July 2, 2013                   Respectfully submitted,

                                         TRUJILLO RODRIGUEZ
                                           & RICHARDS LLC
                                         s/ Lisa J. Rodriguez
                                         258 Kings Highway
                                         East Haddonfield, New Jersey 08033
                                         Tel: (856) 795-9002

                                         NARKIN LLC
                                         John G. Narkin
                                         1662 South Loggers Pond Place, #31
                                         Boise, Idaho 83706
                                         Tel: (208) 995-6119

                                         HARWOOD FEFFER LLP
                                         Robert I. Harwood
                                         James G. Flynn
                                         488 Madison Avenue, 8th Floor
                                         New York, New York 10022
                                         Tel: (212) 935-7400

                                         *Attorneys for Plaintiffs and the*
                                           *Proposed Class*

25