IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES GILES, et al., <br>             Plaintiffs, <br><br>     v. <br><br> PHELAN, HALLINAN & SCHMIEG, L.L.P., et al., <br>             Defendants. | Civil Action <br> No. 11-6239 (JBS/KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

　　Plaintiffs Charles J. and Diane Giles brought this proposed class action alleging that Defendants engaged in a scheme to prosecute fraudulent mortgage foreclosure lawsuits, including an allegedly fraudulent foreclosure action against the Giles in New Jersey state court. The Court dismissed all of Plaintiffs' claims. This matter now comes before the Court on the motion of Defendants Phelan Hallinan & Schmieg P.C., Lawrence T. Phelan, Francis S. Hallinan, Daniel G. Schmieg, Rosemarie Diamond, Full Spectrum Services Inc., and Land Title Services of New Jersey Inc. (collectively, the "Phelan Parties") for sanctions against Plaintiffs' counsel pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent powers. [Docket Item 88.] In Opposition [Docket Item 98], Plaintiffs also requested sanctions against the Phelan Parties pursuant to Rule 11. The Court will deny both requests for sanctions because neither the parties nor

their attorneys have engaged in sanctionable conduct. The Court finds as follows:

    1.  At oral argument for a preliminary injunction [Docket Item 5], the Court encouraged Plaintiffs to shorten their Complaint [Docket Item 1], which was 105 pages long, excluding exhibits. In response, Plaintiffs filed a 90-page, 277-paragraph Amended Complaint [Docket Item 16]. After hearing oral argument, the Court addressed three motions to dismiss [Docket Items 20, 26, & 27] the Amended Complaint in <u>Giles v. Phelan, Hallinan & Schmieg, L.L.P.</u>, 901 F. Supp. 2d 509 (D.N.J. 2012) ("<u>Giles I</u>"). The Court dismissed all of Plaintiffs' claims with prejudice except for the Racketeering Influenced and Corrupt Organizations Act ("RICO") claim, which the Court struck without prejudice because it was unnecessarily and confusingly prolix and contained immaterial allegations.[1] The Court's Order specified

---

[1] The Court's key holdings were: "(1) Count IV (breach of contract), Count V (money had and received), and Count VI (negligence) are dismissed with prejudice pursuant to Plaintiffs' voluntary dismissal; (2) claims against Defendant Wells Fargo & Company are dismissed with prejudice pursuant to Plaintiffs' voluntary dismissal; (3) all of Plaintiff [Laurine] Spivey's [another putative class representative's] claims in Counts I, II, and III are dismissed with prejudice because she cannot challenge bankruptcy proofs of claims in this forum; (4) Count II (New Jersey Consumer Fraud Act) is dismissed with prejudice as to all Defendants because the New Jersey litigation privilege bars the Giles' NJCFA claims; (5) the Giles' RICO claims under Count I are stricken without prejudice to repleading because the Amended Complaint is unnecessarily and confusingly prolix, contains immaterial allegations, and lacks

that the Giles had leave to file a Second Amended Complaint with regard to the RICO claim only. [Docket Item 64 at 2.]

2.   Plaintiffs then filed a Second Amended Complaint [Docket Item 65], which the Phelan parties argued via letter brief [Docket Item 71] did not comply with the length requirements in the Court's September 28, 2012 Order [Docket Item 64]. After conferencing with counsel, the Court ordered [Docket Item 73] Plaintiffs to file the Third Amended Complaint ("TAC") [Docket Item 74] in accordance with specific length requirements.

3.   Defendants Wells Fargo Bank N.A. and the Phelan Parties filed two motions to dismiss [Docket Items 75 & 78] the TAC. After hearing oral argument, the Court dismissed Plaintiffs' RICO claims, which were the only remaining claims after Giles I, with prejudice in Giles v. Phelan, Hallinan & Schmieg, L.L.P., Civ. 11-6239 (JBS/KMW), 2013 WL 2444036 (D.N.J. June 4, 2013) ("Giles II"). In Giles II, the Court noted: "This case present[ed] several novel issues in this Circuit, including whether the New Jersey litigation privilege bars federal RICO claims against lawyers, parties, and their representatives

---

particularity with respect to each Defendant's individual fraud-based liability; (6) any claims involving assignments to which Plaintiffs were not parties are dismissed with prejudice; and (7) Defendants' Motion to Strike Plaintiffs' Notice of Relevant Federal Court Filings is granted." Giles, 901 F. Supp. 2d at 533.

arising from litigation practices and whether the Noerr-Pennington doctrine bars federal RICO claims based on state foreclosure litigation." Id. at *1. The Court's principal holdings were:

> the New Jersey litigation privilege does not apply to RICO claims; (2) the Noerr-Pennington doctrine bars this action; (3) the RICO statute of limitations, res judicata, collateral estoppel, and the entire controversy doctrine do not bar this action; and (4) even if not barred by Noerr-Pennington, the Giles' RICO claim will be dismissed with prejudice because the Giles have not shown that Defendants' actions were the proximate cause of their injuries.

Giles II, 2013 WL 2444036 at *11.

4. The Phelan Parties now move for sanctions against Plaintiffs' counsel John G. Narkin, Narkin LLC, James Flynn, Robert Harwood, Harwood Feffer LLP, Lisa J. Rodriguez, and the law firm of Trujillo Rodriguez & Richards LLP based on their filing and prosecution of the TAC. The Phelan Parties request costs, attorneys' fees, and dismissal of the TAC with prejudice.[2] They argue that "they have been forced to incur significant expenses to defend against numerous frivolous and unfounded complaints . . . ." (Phelan Parties' Mem. Supp. Mot. Sanctions, at 1.) They claim that sanctions are warranted because Plaintiffs' counsel filed legally baseless claims; sought to re-

---

[2] The Phelan Parties filed the motion for sanctions before the Court decided Giles II. As the Court dismissed the TAC with prejudice, this aspect of the Phelan Parties' motion is moot.

litigate issues resolved in state foreclosure litigation; filed claims barred by the entire controversy doctrine, res judicata, and the Rooker-Feldman abstention doctrine; falsely alleged that the Phelan parties submitted false certifications to the foreclosure court; and filed multiple, excessively wordy complaints.

5.   In Opposition, Plaintiffs argue that <u>Giles II</u> rejected the Phelan Parties' arguments regarding claim preclusion; the Phelan Parties misrepresented the outcome of the state court foreclosure proceedings; sanctions are not proper simply because they lost; the Phelan Parties cannot challenge any of the earlier pleadings because the TAC supersedes them; and there was no bad faith or egregious conduct. Plaintiffs also requested sanctions for their expenses in defending the Phelan Parties' motion for sanctions.

6.   In their Reply [Docket Item 99], the Phelan Parties argue that "[t]he Giles' opposition to this Sanctions Motion utterly fails to demonstrate that the Giles . . . had any affirmative support for their RICO claim." (Def. Reply at 1.) The Phelan Parties emphasize that they are entitled to sanctions because Plaintiffs' counsel did not investigate the claims before initiating this action, did not connect any damages to Defendants' conduct, and filed an action precluded by the Noerr-

5

Pennington doctrine. The Phelan Parties argue that sanctions are warranted when "four complaints are filed and repeatedly pursued with no legitimate basis, with no reasonable investigation, and with no other purpose than to harass . . . ." (Def. Reply at 3.) The Phelan Parties also argue that "bad faith can be inferred by multiple amendments of a frivolous complaint and the non-exhaustive examples of counsel's failings . . . ." (Def. Reply at 11.) And finally, the Phelan Parties argue that the Plaintiffs' request for Rule 11 sanctions should be denied because the Phelan Parties' actions involved plausible legal arguments, diligence, and meritorious state court litigation. The Court will now turn to its analysis.

7. The Court has multiple avenues for addressing improper or bad-faith conduct: Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power.

8. Fed. R. Civ. P. 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

6

reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support . . . ." If Rule 11(b) is violated, then Rule 11(c) permits the Court to impose sanctions, including reasonable expenses or nonmonetary directives.

    9.   Rule 11 sanctions should be issued "only in the 'exceptional circumstance', where a claim or motion is patently unmeritorious or frivolous." Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (quoting Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987)). "Rule 11 sanctions should not be viewed as a general fee shifting device." Gaiardo, 835 F.2d at 483. The Rule's purpose "is not wholesale fee shifting but correction of litigation abuse," and sanctions "do not automatically or usually follow an adverse judgment or ruling. Substantially more is required." Id. The advisory committee note to the 1983 Amendment to Rule 11 explains that "[t]he rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."

    10.   Imposition of Rule 11 sanctions is discretionary. The advisory committee note to the 1993 Amendments to Rule 11 stated, "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ."; see also Grider v. Keystone Health Plan Cent., Inc., 580

F.3d 119, 146 n.28 (3d Cir. 2009) ("the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory") (quoting Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994)).

11. In addition to Rule 11 sanctions, Congress has also mandated that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute "requires a finding of counsel's bad faith as a precondition to the imposition of fees." Gaiardo, 835 F.2d at 484.

12. And, lastly, another tool available to the Court is "the inherent power of a federal court to sanction a litigant for bad-faith conduct." Chambers v. NASCO, Inc., 501 U.S. 32, 35 (1991).

13. Sanctions are unwarranted under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, or the Court's inherent powers. The Court will deny both requests for sanctions because the parties and their attorneys have not exhibited bad faith or unreasonable conduct.

14. The Phelan Parties argue that this action was obviously meritless. The Court disagrees. As the Court stated in Giles II, "This case present[ed] several novel issues . . . ." Giles II, 2013 WL 2444036 at *1. The Court held that the Noerr-

8

Pennington doctrine barred Plaintiffs' RICO claims, but that holding was an extension of the Noerr-Pennington doctrine. Prior case law did not dictate that outcome so definitely that Plaintiffs' bringing of this lawsuit could be considered objectively baseless. Similarly, the Court's holding that Plaintiffs failed to allege that Defendants' actions were the proximate cause of their injuries was not so obvious that this lawsuit could be considered litigation abuse. The Phelan Parties also argued that collateral estoppel, res judicata, the entire controversy doctrine, and the Rooker-Feldman doctrine barred Plaintiffs' claims, but the Court rejected all of those arguments.

15.   In both <u>Giles I</u> and <u>Giles II</u>, the Court addressed challenging questions of law that had not been directly answered before in this Circuit. Plaintiffs presented creative and cogent arguments; their arguments were not plainly and resolutely meritless. Sanctions are not intended to chill creative and vigorous advocacy. <u>See</u> Advisory Committee Note to 1983 Amendment of Fed. R. Civ. P. 11.

16.   The Court dismissed all of Plaintiffs' claims, but that outcome does not dictate that sanctions are warranted. The Third Circuit has specifically held that Rule 11's purpose "is not wholesale fee shifting but correction of litigation abuse,"

9

and sanctions "do not automatically or usually follow an adverse judgment or ruling. Substantially more is required." Gaiardo, 835 F.2d at 483. In this case, there is only an adverse judgment; "substantially more" is absent.

17. The Phelan Parties repeatedly assert that sanctions are warranted because Plaintiffs filed four complaints. The Court encouraged Plaintiffs to file the First Amended Complaint, gave Plaintiffs leave to file the Second Amended Complaint, and ordered Plaintiffs to file the Third Amended Complaint. Those amendments were permitted because it did not appear at the time to be futile to do so. The Court cannot now impose sanctions for or infer bad faith from Plaintiffs' filing of amended complaints at the Court's direction.

18. The Phelan Parties also argue that sanctions are warranted because the TAC improperly alleges that "the Phelan Parties failed to conduct proper foreclosure searches and submitted false certifications to the Foreclosure Court." (Phelan Parties' Mem. Supp. Mot. Sanctions, at 4.) The Phelan Parties cite paragraphs 48-54 of the TAC, in which Plaintiffs asserted that the Phelan Parties filed a foreclosure lawsuit against the Giles in the name of Wachovia Bank and that "[t]his allegation was false and misleading because . . . Wachovia had already sold its entire corporate trust and institutional

10

custody business over a year before the Foreclosure Complaint was filed." (TAC ¶ 50.) The Court will not re-adjudicate the parties' arguments from the motion to dismiss briefing and will not summarize the extensive factual allegations described in Giles I and Giles II, which are incorporated herein by reference. For present purposes, it suffices to note that the TAC alleges that the Phelan Parties filed a mortgage foreclosure action against the Giles in Wachovia's name and that Phelan P.C. subsequently filed a motion to amend the pleadings to reflect that U.S. Bank, not Wachovia, was the proper plaintiff. Giles II, 2013 WL 2444036 at *1-2. Defendants have acknowledged that Wachovia was not the proper Plaintiff. The Court does not find that the TAC's allegations merit sanctions.

    19.  Imposition of sanctions under Fed. R. Civ. P. 11 is discretionary. The Court will not exercise its discretion in this case because the circumstances do not warrant sanctions. In addition, Plaintiffs have not exhibited bad faith and, therefore, imposition of costs under 28 U.S.C. § 1927 is unwarranted. Because the Court has not found bad faith or sanctionable conduct, it need not exercise its inherent powers. The Phelan Parties' motion for sanctions will be denied.

    20.  Plaintiffs' request for sanctions against the Phelan Defendants under Rule 11 will also be denied. The Phelan

11

Parties' counsel advocated vigorously on behalf of their clients in filing their motion for sanctions. Their motion for sanctions does not exhibit bad faith or litigation abuse. It was not unreasonable for the Phelan Parties to argue that their burdens in defending this case were needlessly increased by Plaintiffs' repeated failures to file short, plain statements of their claims, as required by Fed. R. Civ. P. 8(a). While it is true that Plaintiffs' counsel advocated claims that were not tied to any compensable harm suffered by their clients, it cannot be concluded that counsel knowingly presented empty claims. But it is undoubtedly true that this litigation took longer and required more of the Phelan Defendants than it otherwise would have if Plaintiffs had filed properly concise pleadings, and the Phelan Defendants did not violate Rule 11 by advocating for sanctions, even though unsuccessful.

21.  The Phelan Parties' motion for sanctions is denied. Plaintiffs' request for sanctions is also denied. The accompanying Order will be entered.

**August 14, 2013**                              **s/ Jerome B. Simandle**
                                                 JEROME B. SIMANDLE
                                                 Chief U.S. District Judge